IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J. C. PENNEY PROPERTIES, INC., and J.C. PENNEY CORPORATION INC.<br><br>    Plaintiffs<br><br>vs.<br><br>HIRAM LL, LLC, EBERLY & ASSOCIATES, INC., BENNING CONSTRUCTION COMPANY, and PLATEAU EXCAVATION, INC.,<br><br>    Defendants | CIVIL ACTION NO.<br><br>1:13-CV-02984-CC |

## OPINION AND ORDER

This matter is before the Court on Defendant Benning Construction Company's Partial Motion to Dismiss First Amended Complaint ("the Motion") [Doc. No. 59]. On November 23, 2015, this Court held a hearing on the Motion and issued an oral ruling from the bench. Consistent with the factual and legal basis articulated by the Court for that ruling, the Court now enters this written Opinion and Order granting Defendant Benning's Motion and dismissing with prejudice Counts 8 and 9 of Plaintiff's First Amended Complaint [Doc. No. 48] with respect to Defendant Benning Construction Company.

**I.    BACKGROUND**

On September 6, 2013, Plaintiff J. C. Penney Properties, Inc. and Plaintiff J.C. Penney Corporation Inc. (collectively referred to as "Plaintiffs") filed a complaint [Doc. No. 1] against Defendant Hiram LL, LLC ("Hiram") and Defendant Eberly & Associates, Inc. ("Eberly"). On April 7, 2015, Plaintiffs then filed their First Amended Complaint [Doc. No. 48] to include claims against Defendant Benning Construction Company ("Benning") and Defendant Plateau Excavation, Inc. ("Plateau"). On May 29, 2015, Benning subsequently filed its Answer [Doc. No. 57].

It then moved to dismiss two counts of Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6): (1) Count 9 - Plaintiffs' Third Party Beneficiary Claim Against Benning; and (2) Count 8 - Plaintiffs' Attorney's Fees Claim Against Defendants Under O.C.G.A. § 13-6-11 with respect to Benning.

Plaintiffs First Amended Complaint seeks damages and other relief in connection with the September 2009 flooding of a J.C. Penney retail store. (See generally Doc. No. 48.) In January 2008, Hiram leased property to Plaintiff J.C. Penney Properties, Inc. for the construction and operation of a J.C. Penney retail store located at 5043 Jimmy Lee Smith Parkway in Hiram, Georgia. (See id. at 4.) Under the lease, Hiram was required "to design and construct certain improvements on the Premises." (Id. at 5.) Based on plans and specifications prepared by Eberly and pursuant to a written construction contract between Hiram and Benning, Benning was hired by Hiram to construct the site on which Plaintiffs planned to build their retail store ("the Premises"). (See id. at 6-7.) The contract is based upon two AIA form contracts: (1) the AIA A101 Standard Agreement ("Standard Agreement") and (2) the AIA A201 General Conditions ("General Conditions") (hereinafter collectively referred to as "the Contract")[1]. (Doc. Nos. 59-2, 59-3, 69 at 5.)

Plaintiffs have asserted a breach of contract claim and related claim for attorney's fees against Benning for allegedly failing to ensure that fabric inserts were removed from all of the stormwater drain inlets on the Premises in a timely manner. (See Doc. No. 48 at 22.) Plaintiffs allege that they are "intended third party beneficiaries" of the Contract and that Benning is liable for all damages caused by the fabric inserts that "remained inside drain inlets on the Premises when flooding occurred on September 20, 2009." (See id. at 22-23.)

On May 29, 2015, Benning filed its Partial Motion to Dismiss First Amended

---

[1] Plaintiffs are not signatories to the contract between Hiram and Benning.

Complaint. Plaintiffs filed a response in opposition to the Motion on July 1, 2015, and Hiram subsequently filed its response on July 2, 2015. Benning filed its replies on July 15, 2015, and July 16, 2015. On November 23, 2015, the parties presented oral argument on the Motion before this Court. The Court subsequently ruled in favor of Benning and granted the Motion. (See Doc. No. 94.)

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. While detailed factual allegations are not required in order to withstand a motion to dismiss under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must allege facts sufficient "to raise a right to relief above the speculative level." Id. "In evaluating such a motion, [the court] accept[s] the factual allegations in the complaint as true and . . . construe[s] them in the light most favorable to the plaintiff." 75 Acres, L.L.C. v. Miami-Dade Cnty., 338 F.3d 1288, 1293 (11th Cir. 2003) (citing Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003)). The Court evaluates the plausibility of the grounds pleaded in support of the claims for relief, rather than either their possibility or probability. See Twombly, 550 U.S. at 555-57.

A court evaluating a Rule 12(b)(6) motion may not consider matters outside the pleadings unless the court treats the motion to dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 56 and gives all parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d). On the other hand, a court can consider documents beyond the pleadings "in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." Fin. Sec. Assur., Inc. v. Stephens,

- 3 -

Inc., 500 F.3d 1276, 1284 (11th Cir. 2007).

### III. DISCUSSION

As a preliminary matter, the Court rejects Plaintiffs' request to convert Benning's Motion into a motion for summary judgment. Plaintiffs argue that the Court "must examine documents outside the pleadings to rule on the motion," namely the Contract attached to the Motion. (See Doc. No. 69 at 1.) Thus, Plaintiffs argue that the Court should convert the Motion to Dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 12(d) and that the Court should consider additional documents allegedly incorporated into the Contract by reference.

The Court finds that the Contract may be considered in ruling on the Motion without converting the Motion to one for summary judgment, as Plaintiffs assert a breach of contract claim, the Contract is incorporated by reference in the First Amended Complaint [Doc. No. 48 at 21-23], and the Contract is the subject of Benning's arguments in the Motion regarding whether Plaintiffs were intended third-party beneficiaries of the Contract. While Plaintiffs argue that the Contract is incomplete because it does not attach other drawings or performance obligations allegedly incorporated by reference in the Contract, there is no dispute between the parties regarding the core documents that comprise the Contract [see Doc. Nos. 59-2, 59-3, 69 at 6]. The Court concludes that the additional documents presented by Plaintiffs are not incorporated into the Contract by reference. In addition, Plaintiffs notably did not rely on these other documents in their written opposition to the Motion and did not attach these documents to their opposition brief. Therefore, only the Contract, as attached to the Motion, will be considered in resolving the Motion. The additional documents upon which Plaintiffs seek to rely will not be considered, and the Court will be considering this Motion as a motion to dismiss.

    A.    <u>Motion to Dismiss Third-Party Beneficiary Claim</u>

Benning argues that Plaintiffs' third-party beneficiary claim should be

- 4 -

dismissed because Plaintiffs are unable to identify a specific contractual provision that shows an intent to benefit J.C. Penney as a third party. The Court agrees with Benning's argument.

It must be clear from the face of a contract that a third-party beneficiary relationship was the intention of the contracting parties. Lawson v. Life of the S. Ins. Co., 648 F.3d 1166, 1171 (11th Cir. 2011). Whether a particular party is an intended third-party beneficiary of a contract "depends upon the intention of the contracting parties to benefit the third party, and this intention is determined by a construction of the contract as a whole." Am. Fletcher Mortg. Co. v. First Am. Inv. Corp., 463 F. Supp. 186, 195 (N.D. Ga. 1978). Benning relies on General Conditions Section 1.1.2 of the Contract, which contains language regarding the scope of the contractual relationships created by the documents and states the following:

> The Contract Documents shall not be construed to create a contractual relationship of any kind (1) between the Architect and Contractor, (2) between the Owner and Subcontractor or Sub-subcontractor, (3) between the Owner and Architect or (4) between any persons or entities other than the Owner and Contractor. The Architect shall, however, be entitled to performance and enforcement of obligations under the Contract intended to facilitate performance of the Architect's duties.

(Doc. No. 59-3 at 10). Thus, dismissal of Plaintiffs' claim is warranted unless Plaintiffs can identify another specific provision in the contract that demonstrates an intent to benefit them as third parties. See Estate of Pitts v. City of Atlanta, 323 Ga. App. 70, 84, 746 S.E.2d 698 (2013) (finding that the potential third-party must demonstrate that "the specific contractual provisions alleged to have been breached" were intended to benefit it); see also Deal v. Chemical Constr. Co., 99 Ga. App. 413, 417, 108 S.E.2d 746 (1959) ("The rights of a third person to sue on a contract made for his benefit depend on the terms of the agreement and are no greater than those granted by the contract as intended by the parties thereto.").

Plaintiffs initially argue that the identification of the "JCP Hiram Project" on the first page of the Contract [Doc. No. 59-2] evidences an intent to make J.C. Penney a third-party beneficiary. To the contrary, simply identifying J.C. Penney as a

potential future occupant of the building pad falls short of expressing a clear intent to grant Plaintiffs the right to enforce the construction contract.

Plaintiffs also contend that Sections 10.2.1.2 and 10.2.1.3 of the General Conditions of the Contract demonstrate a clear intent to benefit J.C. Penney and both were breached by Benning. Section 10.2.1.2 requires Benning to take reasonable precautions and provide reasonable protection to prevent damage, injury, or loss to its own work, material, and equipment under its care, custody, or control. Section 10.2.1.3 requires Benning to take reasonable precautions and provide reasonable protection to prevent damage, injury, or loss to other property at or adjacent to the work site that is not designated for removal, relocation, or replacement in the course of construction.

Neither of the sections Plaintiffs point to demonstrate an intent to benefit Plaintiffs as third-party beneficiaries. The alleged damage at issue in this case did not occur during the course of Benning's construction work, and Benning's work was no longer under its care, custody, or control at the time the J.C. Penney store flooded in September 2009. As pleaded in the First Amended Complaint, Benning had completed its construction work and Plaintiffs' retail store was open for business at the time the store flooded in September 2009. Thus, the damage that Plaintiffs allegedly suffered is not the kind of damage that General Conditions Sections 10.2.1.2 and 10.2.1.3 obligate Benning to guard against.

As Plaintiffs can point to no specific provision in the Contract that demonstrates an intent to benefit J.C. Penney specifically, the Court finds that Plaintiffs are not intended third-party beneficiaries. Therefore, Plaintiffs third-party beneficiary claim must be dismissed.

  B. <u>Motion to Dismiss Attorney's Fees Claim</u>

Benning argues that Plaintiffs' claim for attorneys' fees pursuant to O.C.G.A. § 13-6-11 should be dismissed if the Court dismisses Plaintiffs' third-party beneficiary claim, as there would be no underlying claim upon which an award of

- 6 -

attorneys' fees would be based.

Plaintiffs agreed with Benning at the hearing on the Motion that if Plaintiffs' underlying third-party beneficiary claim against Benning is dismissed, their claim for attorney's fees must be dismissed as well. See United Jewish Cmtys., Inc. V. Wachovia Bank, N.A., 2011 U.S. Dist. LEXIS 97222, at *6-7 (N.D. Ga. Aug. 29, 2011), aff'd, 464 Fed. Appx. 861 (11th Cir. 2012) (finding that where a plaintiff's underlying claims against a defendant were dismissed, its claim for attorneys' fees must also fail). As Plaintiffs' third-party beneficiary claim must be dismissed, so must Plaintiffs' claim for attorneys' fees.

Finally, in light of the Court's findings, the Court denies Plaintiffs' request that they be granted leave to file an amended complaint within thirty (30) days. The Court finds that any amendments at this juncture would be futile. Plaintiffs have already had an opportunity to point to contractual provisions that demonstrate an intent to benefit them. Further, during oral argument, Plaintiffs' counsel did not persuasively argue or convince the Court that the documents Plaintiffs would attach to an amended complaint would clearly show that J.C. Penney is an intended third-party beneficiary of the Contract or that those documents would include specific contractual provisions intended to benefit J.C. Penney.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Defendant Benning Construction Company's Partial Motion to Dismiss First Amended Complaint [Doc. No. 59]. Accordingly, Counts 8 and 9 of Plaintiffs' First Amended Complaint [Doc. No. 48] with respect to Benning are **DISMISSED with prejudice**.

SO ORDERED this 25th day of January, 2016.


*s/   CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE